IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATALIE SILVERMAN<br><br>Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE INTERNATIONAL PUERTO RICO, LLC; HILTON EL CON MANAGEMENT, LLC; HILTON EL CON OPERATOR, LLC; ABC INSURANCE COMPANIES; DOES I-X and any other joint tortfeasors. | CIVIL NO. 14 -1885 (   )<br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLES 1802 & 1803,<br>31 L.P.R.A.  §§ 5141 & 5142.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**APPEARS NOW** the Plaintiff, NATALIE SILVERMAN (hereinafter referred to as "Plaintiff"), through the undersigned counsel, and hereby states, alleges, and requests as follows:

**JURISDICTIONAL BASIS**

1. This case is based upon diversity jurisdiction under 28 U.S.C. §1332.

2. Plaintiff is a citizen of and resides in the state of New Jersey.

3. All Defendants are individuals, corporations, business entities, or partnerships who are citizens of Puerto Rico or of a state other than New Jersey.

4. The matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391, since the events and acts or omissions giving rise to this claim occurred in this district.

## THE PARTIES

6. Plaintiff **NATALIE SILVERMAN** (hereinafter "Ms. Silverman" or "Plaintiff") is of legal age, a citizen and resident of the state of New Jersey.

7. Defendant **HILTON WORLDWIDE INTERNATIONAL PUERTO RICO, L.L.C.** (hereinafter "Hilton") is a limited liability company incorporated under the laws of the Commonwealth of Puerto Rico which upon information and belief owns, operates, and/or manages the hotel, resort, property, restaurants and facilities known as the El Conquistador Golf Resort & Casino, A Waldorf Astoria Resort.

8. Defendant **HILTON EL CON MANAGEMENT, LLC** (hereinafter "Management") is a limited liability company incorporated under the laws of Delaware and authorized to do business in Puerto Rico, which upon information and belief manages and/or runs the operations of El Conquistador Golf Resort & Casino, A Waldorf Astoria Resort.

9. Defendant **HILTON EL CON OPERATOR, LLC** (hereinafter "Operator") is a limited liability company incorporated under the laws of Delaware and authorized to do business in Puerto Rico, which upon information and

belief manages and/or runs the operations of El Conquistador Golf Resort & Casino, A Waldorf Astoria Resort.

10. Defendants **ABC INSURANCE COMPANIES** are corporations organized or operating under the laws of the Commonwealth of Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein or that insure the hotel facilities and/or are liable for the injuries and damages sustained by Plaintiff.

11. Defendant **DOES I-X** are individuals, corporations, or entities that are citizens of Puerto Rico or a state other than New Jersey who are unknown and are jointly and severally liable for Plaintiff's damages.

## GENERAL ALLEGATIONS

12. On May of 2014, Ms. Silverman visited Puerto Rico with her boyfriend, David Sands, to attend a wedding on the island and stayed at El Conquistador Resort in Fajardo, Puerto Rico.

13. Upon information and belief, as of May 2014, El Conquistador Golf Resort & Casino, A Waldorf Astoria Resort, was owned, operated, maintained, and/or managed by Hilton Worldwide International Puerto Rico, L.L.C, Hilton El Con Management, L.L.C. and Hilton El Con Operator, L.L.C.

14. On the morning of May 16, 2014, Ms. Silverman and David Sands traveled by taxi to Old San Juan for some guided tours of the old city and returned that same afternoon to their hotel to rest before the wedding rehearsal they were attending that night.

15. Upon their return, the room had been cleaned.

16. After having rested, Ms. Silverman stepped into the bathtub to take a shower. No one else had used the bathtub that day. Additionally, the tub was clean and dry, but did not have an anti-slip mat or raised tread at its bottom.

17. There was a metal pole and two metal handles towards the front of the bathtub, but no handles at the back.

18. There was no signage or indication of caution in or around the bathtub area.

19. After turning on the shower, Ms. Silverman entered the bathtub from the back end and her left foot slid out from under her, causing her body to fall backwards and contort.

20. The left side of her cheek and forehead smashed into the side of the ceramic tub and absorbed the majority of the impact.

21. Ms. Silverman, without yet knowing the extent of her injuries, was able to turn off the shower and call out for her boyfriend's help.

22. As Mr. Sands entered the bathroom, he noticed Ms. Silverman's bleeding forehead and quickly gathered some ice and towels to apply pressure to the wound to try and stop the bleeding.

23. Uncertain of the extent of Ms. Silverman's injuries, Mr. Sands did not try to move her.

24. After wrapping Ms. Silverman in towels, Mr. Sands called the front desk and asked them to send an ambulance and paramedics for Ms. Silverman due to her severe bleeding.

25. It was at this time that Ms. Silverman could feel her body going into shock. She felt cold and dizzy with a rapid heartbeat, and also felt like she was about to lose consciousness. She remained still in the bathtub and did not try to move.

26. Security guards arrived at the room, one of which inspected Ms. Silverman's injuries and taped gauze over her forehead to try and stop the bleeding as it still continued.

27. The paramedics arrived a few minutes after the security guards came. They put a neck brace on Ms. Silverman, sat her up and touched her back to make sure she sensed it and was not paralyzed.

28. Two paramedics took Ms. Silverman under each arm and carried her out of the tub.

29. Ms. Silverman was transported in an ambulance to San Pablo-HIMA Hospital in Fajardo, where she spent approximately eight hours receiving evaluation and treatment for her injuries.

30. 11 stitches were needed to close the gash in her forehead, as well as treatment for her high blood pressure, which was spiking at the hospital. There, the doctor informed Ms. Silverman that she may have sustained a concussion and instructed she not fly until the following Tuesday because of her concussion symptoms.

31. By the time she was discharged, at around 2 a.m., the hotel sent a shuttle to pick Ms. Silverman up.

32. After returning to New Jersey, Ms. Silverman went to a hospital in

Princeton due to massive migraine headaches, increased blood pressure, blurred vision, dizziness/vertigo, ringing in the ears, nausea and a feeling of being about to lose consciousness. It was at this hospital that she was informed that she had Post-Concussion Syndrome.

33. Ms. Silverman's blood pressure has continued to rise ever since the incident at the hotel.

34. Plaintiff has suffered physical, emotional, and mental damages as a direct result of this incident including, but not limited to, the physical and emotional pain and suffering of a broken nose, a concussion, severe headaches, nausea, high blood pressure, shoulder and neck trauma, past and future corrective surgeries, short term memory loss, cognitive processing issues, permanent nerve damage, the inability to drive at times, as well as other physical, emotional, and mental damages.

35. Ms. Silverman has also suffered economic damages including, but not limited to, loss of income, past and future medical expenses, as well as other economic damages.

### FIRST CAUSE OF ACTION – NEGLIGENCE OF HILTON WORLDWIDE INTERNATIONAL PUERTO RICO, LLC; HILTON EL CON MANAGEMENT, LLC; AND HILTON EL CON OPERATOR, LLC

36. The allegations contained above are incorporated by reference as if again fully set forth herein.

37. Defendants, through their acts or omissions caused damage to Plaintiff through fault or negligence in violation of 31 PR. Laws Ann. 5141 and 5142 (Articles 1802 and 1803 of Puerto Rico's Civil Code, respectively).

38. On or about May 16, 2014, Defendants owned and operated El Conquistador Resort located in Fajardo, Puerto Rico.

39. Defendants rented room 1228 in the marina area of their establishment to Plaintiff for use from May 15, 2014 to May 20, 2014.

40. Defendants received payment from Plaintiff for the rental of said hotel room.

41. Defendants, as the owners and operators of the hotel had a duty to Plaintiff to keep the quarters safe and free from dangerous conditions, so that Plaintiff and other guests would not suffer harm or damage.

42. Defendants breached their duty of care to Plaintiff by failing to keep the quarters safe and free from dangerous conditions so that Plaintiff and other guests would not suffer harm or damage.

43. Defendants failed to properly inspect or maintain the room where Plaintiff stayed to keep it free from dangerous conditions.

44. Defendants knew or should have known of the dangerous conditions present, including in the bathtub area, in Plaintiff's room during her stay.

45. Defendants failed to adequately install or maintain the bathtub area so that individuals using the shower would not become injured.

46. Defendants failed to adequately install or maintain an anti-slip mechanism in the bathtub area so that individuals using the shower would not become injured.

47. Defendants permitted their guest room to be booked and used by Plaintiff with an inadequate and dangerously slippery bathtub area.

48. Defendants permitted their guest room to be booked and used by Plaintiff without installing pipes and effective handles intended to assist an individual entering the bathtub.

49. The dangerous conditions in the shower directly and proximately caused Ms. Silverman to fall in the shower, break her nose, suffer a concussion, as well as other fractures, cuts and contusions.

50. The dangerous conditions in the shower directly and proximately caused Ms. Silverman's physical injuries and damages.

51. Defendants failed to take all possible safety measures to ensure that Plaintiff was not injured in their guest room.

52. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff sustained physical, emotional, mental, and economic damages.

## SECOND CAUSE OF ACTION - ABC INSURANCE COMPANIES

53. The allegations contained above are incorporated by reference as if again fully set forth herein.

54. Defendants ABC Insurance Companies were, at the time herein pertinent, authorized to do business as such in Puerto Rico, and issued an insurance policy on behalf of Defendants or another tortfeasor.

55. Pursuant to 26 P.R. Laws Ann. § 2001, an insurance company is directly liable for the negligence or fault of its insured.

56. Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined together with an action against its

insured.

57. As a result, Defendants ABC Insurance Companies are liable to Plaintiff for the damages caused to her by Defendants or another tortfeasor.

### THIRD CAUSE OF ACTION - DOES I-X

58. The allegations contained above are incorporated by reference as if again fully set forth herein.

59. Defendants Does I-X caused damages to Plaintiff through fault or negligence in violation of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

60. Defendants Does I-X are jointly and severally liable for the damages caused to Plaintiff.

### DAMAGES

61. The allegations contained above are incorporated by reference as if again fully set forth herein.

62. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman has suffered physical, emotional, mental, and economic damages.

63. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman suffered a concussion, which has led to severe headaches, increased blood pressure, nausea, feelings of being close to losing consciousness, permanent nerve damage, short term memory loss, vertigo, blurred vision, ringing in ears, sensitivity to light and noise, cognitive processing issues and insomnia.

64. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman suffered a broken nose, which needed corrective surgery to repair.

65. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman has also been left with a large scar on the left side of her forehead and an indentation in that area that will also need corrective surgery to repair. The injury on her forehead has also led to permanent nerve damage above her eye and into the left side of her forehead.

66. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman has had to apply for disability benefits from her job as a Senior Marketing Manager for a company based out of California, with offices in New York City, from where Ms. Silverman was stationed.

67. Ms. Silverman's position as a high executive in the company required her to travel frequently to said company's headquarters in California, and to international offices in Europe and Asia, which she has not been able to do in the approximately six months that she has been unable to return to work.

68. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman has had to undergo intensive treatments with physicians ranging from neurologists to concussion specialists, which have taken economic, as well as emotional tolls on the Plaintiff.

69. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Plaintiff has suffered economic damages including but not limited to out of pocket medical expenses, medical liens, and co-payments.

70. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Plaintiff has also had to delay her plans to begin an MBA program, which will in turn delay her opportunities to be promoted and increase her pay scale.

71. As a result of the negligent acts, omissions, or misrepresentations of Defendants, Ms. Silverman has been unable to return to work since May of 2014 and is currently on short-term disability, thus receiving only a portion (66%) of her regular salary.

72. Ms. Silverman's physicians have recommended she remain at home until December 14th, 2014, which means she will have been out of work for at least 7 months after the incident, thus resulting in a significant loss of income.

73. Ms. Silverman's physicians have only recently cleared her to return to work on December 14th, 2014.

74. Plaintiff's physical, emotional, mental, and economic damages as a result of the injuries sustained in the incident have a reasonable value of no less than ONE MILLION NINETY-FIVE THOUSAND SIX HUNDRED SEVENTY DOLLARS ($1,095,670.00)

75. As of this date, this amount includes, but is not limited to, the following quantities:

    a. Lost vacation leave: $5,625.00

    b. Reduced yearly bonus: $14,583.00

    c. Out of pocket medical expenses to date: $16,946.63

    d. Loss of income for the 7-month authorized medical leave: $22,950.00

    e. Loss of contribution to 401k Plan: no less than $6,216.00

    f. Medical benefits owed to employer: $660.00

    g. Medical insurance lien: $12,750.35

    h. Pending medical bills not covered by medical plan: $15,938.25

    i. Pain and suffering: $1,000,000.00

76. These are ongoing damages and will continue to accrue.

## TRIAL BY JURY DEMANDED

77. Plaintiff hereby demands trial by jury.

78. **WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of no less than **ONE MILLION NINETY-FIVE THOUSAND SIX HUNDRED SEVENTY DOLLARS** ($1,095,670.00) plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of December 2014.

*Plaintiff's Counsel:*
**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque Street, Third Floor
San Juan, P.R. 00912
Tel. (787) 641-4545; Fax (787) 641-4544

jeffrey.williams@indianowilliams.com
vanesa.vicens@indianowilliams.com

s/ Jeffrey M. Williams
**JEFFREY M. WILLIAMS**
USDC PR 202414

s/Vanesa Vicéns-Sánchez
**VANESA VICENS SANCHEZ**
USDC PR 217807